# UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| MARLENE HOPKINS, Individually, as Wrongful Death Heir, and as Successor-in-Interest to NORMAN HOPKINS, JR., Deceased; and MICHELLE HOPKINS, and MICHAEL HOPKINS, as Legal Heirs of NORMAN HOPKINS, Deceased, and THE FLINTKOTE COMPANY, THE OFFICIAL COMMITTEE OF CLAIMANTS, and JAMES J. MCMONAGLE as the LEGAL REPRESENTATIVE FOR FUTURE ASBESTSOS PERSONAL INJURY CLAIMANTS<br><br>          Plaintiffs,<br><br>     vs.<br><br>PLANT INSULATION COMPANY; UNIROYAL HOLDING, INC.; IMPERIAL TOBACCO CANADA LIMITED; SULLIVAN & CROMWELL LLP;  and DOES 1 through 100,<br><br>          Defendants | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)   Civil Action No. 1:06-CV-00298-JJF<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)   **Related Docket No. 9**<br>) |

---

## FLINTKOTE'S RESPONSE TO EMERGENCY MOTION OF IMPERIAL TOBACCO CANADA LIMITED FOR IMMEDIATE ENTRY OF A PROVISIONAL ORDER, OR IN THE ALTERNATIVE, AN EXPEDITED HEARING REGARDING ITS EMERGENCY PETITION FOR AN ORDER OF TRANSFER PURSUANT TO 28 U.S.C. § 157(B)(5) (DEMAND FOR JURY TRIAL)

The Flintkote Company ("Flintkote") responds to the "Emergency Motion Of Imperial Tobacco Canada Limited For Immediate Entry Of A Provisional Order, Or In The Alternative, An Expedited Hearing Regarding Its Emergency Petition For An Order Of Transfer Pursuant To 28 U.S.C. § 157(B)(5)" (the "Emergency Motion") filed by Imperial Tobacco Company Limited ("Imperial Tobacco").

The Court should deny the emergency motion for entry of a provisional transfer order because there is no emergency, and the demand for a transfer does not support a provisional (or any) transfer order.

Imperial Tobacco hinges this emergency motion on the pendency of plaintiffs' remand motion in federal district court in California. Imperial Tobacco tells this Court that the remand motion "is currently set for hearing on June 21, 2006." (p.3) That statement is false. The June 21 date was vacated, and it was vacated because Imperial Tobacco refused to permit the matter to be heard by the Magistrate Judge that had the case. The District Court case in California had to be reassigned to a District Judge. See docket entries 14 and 29, in action 3:06-CV-03051, N.D. Cal., attached. The case has now been reassigned, but all matters have been vacated and no matter has been renoticed for hearing. Docket No. 31, attached.

Even if the District Court in California chose not to stay the case, which is its prerogative that Imperial Tobacco asks this court to take away, and to remand the case, this Court still could transfer the case from state court if it decided to do so, under 28 U.S.C. § 157(b)(5). In re Pan Am Corp., 16 F.3d 513 (2d Cir. 1994).

So there is no emergency.

Most importantly, however, this case belongs in California, not in Delaware. The transfer petition is so weak this Court should deny it and certainly not effect a provisional transfer. Here is what this case is about.

Flintkote is one of the plaintiffs. It had and has its headquarters in San Francisco. The action in large part challenges dividends totaling $525,200,000 paid by Flintkote in California to Imperial Tobacco,[1] in Canada. The dividends followed sales of Flintkote's assets, which took place in California, under Imperial Tobacco's control. The Flintkote board declared the dividends in California after receiving legal advice in California, including on issues of California law, which was both erroneous and given by

---

[1] Flintkote's former indirect parent.

a law firm with conflicts of interest.[2]  After the dividends, Imperial Tobacco continued to dominate and control Flintkote in California for years.

Other plaintiffs are the Hopkins family, who sue for the wrongful death of Norman Hopkins, who was exposed to asbestos-containing products in California, contracted an asbestos-related disease (mesothelioma) in California, and died of that disease in California.  He brought suit in California Superior Court against Flintkote, who settled it by judgment.  The Hopkins family, through California counsel, now sues Imperial Tobacco as responsible for Flintkote's liability under an alter ego remedy, and Plant Insulation Company, also a California company, and Uniroyal Holding, Inc. Flintkote, joined by the Asbestos Claimants Committee ("ACC) and Future Claims Representative ("FCR"), sue in California also seeking an adjudication of Imperial's alter ego responsibility, as well as recovery of roughly $1.5 billion, the amount of the dividends declared in and paid from California, with interest.

Imperial Tobacco argues this case belongs in this Court in Delaware, just because the bankruptcy case – like bankruptcies of companies from across the country – was filed in Delaware.  The short answer is "so what."  That any settlement may have to be approved by the bankruptcy court, or any trust under section 524g may need to be approved by this Court, says nothing about where the case against Imperial Tobacco and others should proceed.

While invoking the federal court system to pry the case from the California state court, Imperial Tobacco has its fingers crossed behind its back.  It carefully "does not, and has not agreed to accept or attorn to the jurisdiction of any court within the United States." (p. 1, fn. 1, of its Emergency Petition for Order of Transfer).  It is not clear what mischief Imperial Tobacco has in mind, but obviously it has to do with some challenge to personal jurisdiction.  In the California state court, no such

---

[2]   That erroneous legal advice, on a matter of California law, is the subject of a malpractice claim, governed by California law, which is included in the civil action Imperial Tobacco wants to have moved into this Court.

challenge or defense is available to Imperial Tobacco, for it filed an answer there, did not move to quash, and therefore waived any defense of lack of personal jurisdiction. California Code of Civil Procedure section 418.10; Roy v. Superior Court, 127 Cal.App. 4th 337, 345, 25 CR 3d 488 (2005) (defendants must move to quash to challenge personal jurisdiction; answer alone does not substitute.)

In addition, Imperial Tobacco's representation to this Court in its Emergency Motion that "the first three counts in the Pending Action are personal injury tort claims against Flintkote" (id. at p.2 ¶ 2) is neither candid nor accurate. While the basis for the Hopkins Family's request for an alter remedy against Imperial Tobacco is related to exposure to Flintkote's products, Flintkote is not a named defendant in the action; indeed, it is a plaintiff in the action.

In the case, (a) every cause of action alleged in the Complaint is based on state law, (b) the Bankruptcy Court was fully aware that the State Court Action had been filed in the San Francisco Superior Court when it (i) employed Bay Area counsel to prosecute the matter, (ii) authorized the ACC and the FCR to appear in the State Court Action, and (iii) indicated to Imperial Tobacco that it could raise its arguments in the action pending in the state court, and (c) the plaintiffs in the State Court Action consist of a group of California citizens and a corporation based in San Francisco, who are collectively suing two corporations headquartered in California, a law firm with an office in California, and a Canadian company alleged to be the alter ego of a corporation headquartered in California.

Imperial Tobacco seeks the assistance of this Court to forum shop this matter to Delaware, and has invoked the jurisdictional vehicle of 28 U.S.C. § 157(b)(5), in a *highly* questionable manner, in its desperate attempt to get out of California. However, Imperial Tobacco is a stranger to the Flintkote chapter 11 case, and the case was not filed for the benefit of Imperial Tobacco. Imperial Tobacco should not be allowed to use jurisdictional provisions intended to protect the debtor to instead forum

shop this case away from California over the objection of the Debtor.  Pacor v. Higgins, 743 F.2d 984, 966 (3rd Cir. 1984) ("Bankruptcy jurisdiction . . . was not conferred for the convenience of those not in bankruptcy . . . .").

       *Not a single case* relied on by Imperial Tobacco's in its "Emergency Petition Of Imperial Tobacco Canada Limited For An Order Of Transfer Pursuant To 28 U.S.C. § 157(b)(5) (the "Emergency Petition") supports its contention that a *nondebtor* defendant being sued by a *nondebtor* plaintiff (the Hopkins Family) on an isolated personal injury claim where the debtor has not been named as a defendant and does not want the case transferred, can use section 157(b)(5) to forum shop the case out of a forum that is acceptable not only to the nondebtor plaintiff, but is also the chosen forum of the Debtor, the ACC and the FCR, which represent the only organized creditor constituencies in the Flintkote case.

       There are two reasons why no such reported case exists in any jurisdiction. The first is the one noted above by the Third Circuit in Pacor:  "Bankruptcy jurisdiction . . . was not conferred for the convenience of those not in bankruptcy . . . ."  The second has to do with the fact that the debtor, for whose benefit section 157(b)(5) was enacted, chose California as the forum.  "[T]here is ordinarily a strong presumption in favor of plaintiffs' choice of forum, which may be overcome only when the private and public factors clearly point towards trial in the alternative forum."  Piper Aircraft Co. v. Reyno, 454 U.S. 235, 255, 102 S.Ct. 252, 265-66 (1982).  Indeed, in the only reported case in the Third Circuit involving an attempted non-debtor transfer under section 157(b)(5), the request was *denied*.  In re Federal-Mogul Global, Inc., 282 B.R. 301 (Bankr. D. Del.), mandamus denied, 300 F.3d 368 (3rd Cir. 2002), cert. denied, 537 U.S. 1148 (2003).

       Flintkote intends to file a comprehensive response to the Emergency Petition next Friday, May 19, 2006.  That response will detail:

- The allegations contained in the State Court Action with regard to Imperial Tobacco's conduct in stripping $525,200,000 in assets from Flintkote, all to the detriment of Flintkote's asbestos claimants.

- The details of Imperial Tobacco's recent forum shopping spree attempting to get out of California.

- The fact that Imperial Tobacco is *unquestionably* subject to personal jurisdiction in California, but is attempting to escape such personal jurisdiction by moving the case out of California.

- Imperial Tobacco's attempted abuse of the purpose for which section 157(b)(5) was intended.

- The reasons why abstention is appropriate, including the fact that every single factor typically analyzed in connection with discretionary abstention favors abstention to Flintkote's chosen forum.[3]

There is no basis for a provisional transfer under section 157(b)(5), and while it was done by the District Court in <u>Federal-Mogul</u>, the Third Circuit expressly declined to address the propriety of such a provisional transfer since no one had raised

---

[3]    Courts in this district weigh twelve factors to evaluate the facts of a case under the criteria of section 1334(c)(1):

> (1) the effect on the efficient administration of the estate; (2) the extent to which state law issues predominate over bankruptcy issues; (3) the difficulty or unsettled nature of applicable state law; (4) the presence of a related proceeding commenced in state court or other non-bankruptcy court; (5) the jurisdictional basis, if any, other than section 1334; (6) the degree  of relatedness or remoteness of the proceeding to the main bankruptcy case; (7) the substance rather than the form of an asserted "core" proceeding; (8) the feasibility of severing state law claims from core bankruptcy matters to allow judgments to be entered in state court with enforcement left to the bankruptcy court; (9) the burden on the court's docket;  (10) the likelihood that the commencement of the proceeding in bankruptcy court involves forum shopping by one of the parties; (11) the existence of a right to a jury trial; and (12) the presence of non-debtor parties.

In re Astropower Liquidating Trust, 335 B.R. 309, 330 (Bankr. D. Del. 2005)

the issue on appeal. <u>See</u> 300 F.3d at 374 n.3. While some courts have granted provisional transfer in some mass tort cases, it only makes sense to do so (presumably under 11 U.S.C. § 105 as section 157(b)(5) authorizes no such action) where thousands of state court actions are involved and there is no ability to stay on top of the status of each one. Here, the exact status of the California action is known: it has just been reassigned to a United States District Judge, all matters have been vacated, and none is set for hearing. No statutory basis or reason exists to gum up the works by inserting a "provisional" transfer into this case, particularly where Imperial Tobacco has not presented any evidence demonstrating a need to do so, and has not demonstrated a reasonable likelihood of success on its section 157(b)(5) transfer motion, given that no Third Circuit case has every granted a nondebtor 157(b)(5) request over the objection of the debtor.

## CONCLUSION

There is no emergency. The Emergency Request should be denied, and the request for provisional transfer should be denied. Flintkote does, however, join with Imperial Tobacco in a request that this matter be heard as soon as possible after May 19, 2006, after Flintkote has filed its response on the merits, because this matter should be sent back to California as soon as possible. If the transfer motion is not denied, Plaintiffs

hereby demand a jury trial in this matter. *See* Fed. R. Civ. Proc. 38(b) and 81(c); Civil L. R. 3-6(a).[4]

Respectfully submitted,

Dated: May 12, 2006

PACHULSKI STANG ZIEHL YOUNG
JONES & WEINTRAUB LLP

_____
Laura Davis Jones (Bar No. 2436)
James E. O'Neill (Bar No. 4042)
919 North Market Street, 17th Floor
P.O. Box 8705
Wilmington, DE 19899-8705 (Courier 19801)
Telephone:  (302) 652-4100
Facsimile:  (302) 652-4400
Counsel for The Flintkote Company

---

[4]   This demand for jury trial does not relate to the Emergency Motion; rather, it is filed out of an abundance of caution with the first set of pleadings filed in the District Court in respect to his matter and relates to any trial on the merits with respect to the Complaint if this matter is not remanded.

1   QUINN EMANUEL URQUHART OLIVER & HEDGES LLP
        Loren Kieve (Bar No. 56280)
2   50 California Street, 22nd Floor
    San Francisco, California  94111
3   Telephone:     (415) 875-6600
    Facsimile:     (415) 875-6700
4   E-Mail:        lorenkieve@quinnemanuel.com

5   KING & SPALDING LLP
        L. Joseph Loveland (*pro hac vice pending*)
6       James A. Pardo, Jr.  (*pro hac vice pending*)
        Mark M. Maloney   (*pro hac vice pending*)
7   1180 Peachtree Street, N.E.
    Atlanta, Georgia  30309
8   Telephone:     (404) 572-4600
    Facsimile:     (404) 572-5100
9   E-Mail:        jloveland@kslaw.com
    E-Mail:        jpardo@kslaw.com
10  E-Mail:        mmaloney@kslaw.com

11  Attorneys for defendant Imperial Tobacco
    Canada Limited

12

13                  UNITED STATES DISTRICT COURT

14              NORTHERN DISTRICT OF CALIFORNIA

15                    SAN FRANCISCO DIVISION

16  MARLENE HOPKINS, Individually, as        CASE NO.  C 06 3051
    Wrongful Death Heir, and as Successor-in-
17  Interest to NORMAN HOPKINS, JR.,         **Declination to proceed before a Magistrate**
    Deceased; and MICHELLE HOPKINS, and      **Judge**
18  MICHAEL HOPKINS, as Legal Heirs of
    NORMAN HOPKINS, Deceased, THE            **and**
19  FLINTKOTE COMPANY, THE OFFICIAL
    COMMITTEE OF THE ASBESTOS                **Request for assignment to a United States**
20  PERSONAL INJURY CLAIMANTS, and           **District Judge**
    JAMES J. MCMONAGLE as the LEGAL
21  REPRESENTATIVE FOR FUTURE
    ASBESTOS PERSONAL INJURY
22  CLAIMANTS,

23              Plaintiff,

24      vs.

25  PLANT INSULATION COMPANY;
    UNIROYAL HOLDING, INC.; IMPERIAL
26  TOBACCO CANADA LIMITED;
    SULLIVAN & CROMWELL LLP; and DOES
27  1 through 100,

28              Defendants.

1      The undersigned party respectfully declines to consent to the assignment of this action to a

2  United States Magistrate Judge for trial and disposition and requests the reassignment of this

3  action to a United States District Judge.

4  May 10, 2006                 QUINN EMANUEL URQUHART OLIVER & HEDGES LLP

5

6                            By _Loren Kieve_

7                              Loren Kieve

8                 KING & SPALDING LLP

9                 Attorneys for defendant Imperial Tobacco Canada
                         Limited

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

Marlene Hopkins, et al.,

          Plaintiff(s).

    v.

Plant Insulation Company, et al.,

          Defendant(s).
                           /

No. C06-3051 BZ

NOTICE OF IMPENDING
REASSIGNMENT TO A UNITED
STATES DISTRICT COURT JUDGE

The Clerk of this Court will now randomly reassign this case to a United States District Judge because either:

    (1)    One or more of the parties has requested reassignment to a United States District Judge or has not consented to the jurisdiction of a United States Magistrate Judge, or,

    (2)    One or more of the parties has sought a kind of judicial action (e.g., a temporary restraining order) that a United States Magistrate Judge may not take without the consent of all parties, the necessary consents have not been secured, and time is of the essence.

    The Case Management Conference set for **August 7, 2006** at **4:00 p.m.** is hereby **VACATED**. Defendant's Motion to Remand Action to State set on **June 21, 2006** at **10:00 a.m.** is hereby **VACATED**.

Dated: May 11, 2006

                                Richard W. Wieking, Clerk
                                United States District Court

                                *Lashanda Scott*

                                By: Lashanda Scott - Deputy Clerk to
                                Magistrate Judge Bernard Zimmerman

reassign.DCT

UNITED STATES DISTRICT COURT
Northern District of California
450 Golden Gate Avenue
San Francisco, California 94102

www.cand.uscourts.gov

Richard W. Wieking
Clerk

General Court Number
415.522.2000

## May 12, 2006

**CASE NUMBER:  CV 06-03051 BZ**
**CASE TITLE:  MARLENE HOPKINS-v-PLANT INSULATION COMPANY**

REASSIGNMENT ORDER

GOOD CAUSE APPEARING THEREFOR,

IT IS ORDERED that this case is reassigned to the **San Francisco** division.

**Honorable Marilyn H. Patel** for all further proceedings.

Counsel are instructed that all future filings shall bear the initials **MHP** immediately

after the case number.

ALL MATTERS PRESENTLY SCHEDULED FOR HEARING ARE VACATED AND
SHOULD BE RENOTICED FOR HEARING BEFORE THE JUDGE TO WHOM THE CASE
HAS BEEN REASSIGNED.

Date: 5/12/06

FOR THE EXECUTIVE COMMITTEE:

Richard W. Wieking
Clerk

NEW CASE FILE CLERK:

Copies to: Courtroom Deputies
Log Book Noted

Special Projects
Entered in Computer 5/12/06ha

CASE SYSTEMS ADMINISTRATOR:
Copies to:  All Counsel

Transferor CSA

# UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF DELAWARE

MARLENE HOPKINS, Individually, as )
Wrongful Death Heir, and as Successor- )
in-Interest to NORMAN HOPKINS, JR., )
Deceased; and MICHELLE HOPKINS, )
and MICHAEL HOPKINS, as Legal Heirs )
of NORMAN HOPKINS, Deceased, and )
THE FLINTKOTE COMPANY, THE )
OFFICIAL COMMITTEE OF )
CLAIMANTS, and JAMES J. )    Civil Action No. 1:06-CV-00298-JJF
MCMONAGLE as the LEGAL )
REPRESENTATIVE FOR FUTURE )
ASBESTSOS PERSONAL INJURY )
CLAIMANTS )
              Plaintiffs, )
    vs. )
 )
PLANT INSULATION COMPANY; )
UNIROYAL HOLDING, INC.; )
IMPERIAL TOBACCO CANADA )
LIMITED; SULLIVAN & CROMWELL )
LLP; and DOES 1 through 100, )
 )
           Defendants )
 )

## AFFIDAVIT OF SERVICE

STATE OF DELAWARE     )
                    ) ss:
COUNTY OF NEW CASTLE   )

     Kathleen Forte Finlayson, being duly sworn according to law, deposes and says

that she is employed by the law firm of Pachulski Stang Ziehl Young Jones & Weintraub

LLP, attorneys for the Plaintiff The Flintkote Company in the above-captioned action,

and that on the 12th day of May 2006 she caused a copy of the following document(s) to

be served upon the parties on the attached service list in the manner indicated:

## FLINTKOTE'S RULE 7.1 SUBMISSION

**FLINTKOTE'S RESPONSE TO EMERGENCY MOTION OF IMPERIAL
TOBACCO CANADA LIMITED FOR IMMEDIATE ENTRY OF A
PROVISIONAL ORDER, OR IN THE ALTERNATIVE, AN EXPEDITED
HEARING REGARDING ITS EMERGENCY PETITION FOR AN ORDER OF
TRANSFER PURSUANT TO 28 U.S.C. § 157(B)(5)
(DEMAND FOR JURY TRIAL)**

Kathleen Forte Finlayson

Sworn to and Subscribed before
me this 12th day of May 2006

Notary Public
Commission Exp.: 11/4/07

MARY E. CORCORAN
Notary Public
State of Delaware
My Commission Expires Nov. 4, 2007

DOCS_DE:118152.1

Page 2

Flintkote District Court Service List
Case No. 06-298-JJF
Doc. # 105046
005 – Hand Delivery
013 – Federal Express

*HAND DELIVERY*
*(Co-Counsel for Debtors and Plaintiff,*
*The Flintkote Company)*
James E. O'Neill
Laura Davis Jones
Pachulski, Stang, Ziehl, Young, Jones
& Weintraub P.C.
919 North Market Street, 17th Floor
P.O. Box 8705
Wilmington, DE 19899-8705

*HAND DELIVERY*
*(Office of the United States Trustee)*
David Klauder, Esquire
Office of the United States Trustee
844 King Street, Lock Box 35, Room 2311
Wilmington, DE 19801

*HAND DELIVERY*
*(Counsel to the Official Committee of*
*Asbestos Personal Injury Claimants)*
Marla Eskin, Esquire
Campbell & Levine, LLC
800 King Street, Ste 300
Wilmington, DE 19801

*HAND DELIVERY*
*(Counsel to the Legal Representative*
*for Future Claimants)*
Edwin J. Harron
Young Conaway Stargatt & Taylor
1000 West Street, 17th Floor
Wilmington, DE 19801

*HAND DELIVERY*
*(Counsel for Defendant Imperial*
*Tobacco Canada Limited)*
Stephen M. Miller
Brett D. Fallon
Carl N. Kunz, III
Morris, James, Hitchens & Williams LLP
222 Delaware Avenue, 10th Floor
Wilmington, DE 19801

*OVERNIGHT DELIVERY*
*(Co-Counsel for Defendant Imperial*
*Tobacco Canada Limited)*
L. Joseph Loveland
James A. Pardo, Jr.
Mark M. Maloney
King & Spalding LLP
1180 Peachtree Street, N.W.
Atlanta, GA 30309

*OVERNIGHT DELIVERY*
*(Co-Counsel for Debtors and*
*Plaintiff, The Flintkote Company)*
Jeffrey E. Bjork, Esquire
Sidley Austin Brown & Wood LLP
555 W. 5th Street, Suite 4000
Los Angeles, California 90013

*OVERNIGHT DELIVERY*
*(Counsel to the Official Committee of*
*Asbestos Personal Injury Claimants)*
Elihu Inselbuch, Esquire
Rita Tobin, Esquire
Caplin & Drysdale, Chartered
375 Park Avenue, 35th Floor
New York, NY 10152-3500

*OVERNIGHT DELIVERY*
*(Counsel to the Official Committee of*
*Asbestos Personal Injury Claimants)*
Philip E. Milch
Campbell & Levine, LLC
1700 Grant Building, 310 Grant Street
Pittsburgh, PA 15219

*OVERNIGHT DELIVERY*
*(Counsel to the Legal Representative*
*for Future Claimants)*
Matthew E. Albers
Vorys, Sater, Seymour & Pease LLP
2100 One Cleveland Ctr.
1375 E. 9th St.
Cleveland, Ohio 44114

*OVERNIGHT DELIVERY*
*(Counsel for Plaintiff, The Flintkote*
*Company)*
Stephen M. Snyder, Esquire
Snyder Miller & Orton LLP
111 Sutter, Ste 1950
San Francisco, CA 94104

*OVERNIGHT DELIVERY*
*(Counsel for Plaintiff, The Flintkote*
*Company)*
Eliot S. Jubelirer
Morgenstein & Jubelirer
One Market
Spear Street Tower. 32nd Floor
San Francisco, CA 94105

*OVERNIGHT DELIVERY*
*(Counsel for Plaintiff, The Flintkote*
*Company)*
Alan Pedlar, Esquire
The Law Office of Alan Pedlar
1112 Via Malibu
Aptos, CA 95083

*OVERNIGHT DELIVERY*
*(Counsel for Plaintiff, The Flintkote*
*Company)*
Kelly C. Wooster, Esquire
112 Rock Creek Court
P.O. Box 62
Copperopolis, CA 95228

*OVERNIGHT DELIVERY*
*(Counsel for Plaintiff Marlene Hopkins,*
*Michelle Hopkins and Michael Hopkins)*
Gilbert L. Purcell, Esquire
Brayton Purcell, LLP
222 Rush Landing Road
Novaro, CA 94948

*OVERNIGHT DELIVERY*
*(Counsel for Sullivan & Cromwell)*
Gregory D. Phillips
Rohit K. Single
Brad D. Brian
Munger, Tolles & Olsen LLP
355 South Grand Avenue, 35th Floor
Los Angeles, CA 90071

*OVERNIGHT DELIVERY*
*(Counsel for Plant Insulation)*
Monte S. Travis
Travis & Pon
2001 Fillmore Street
San Francisco, CA 94115

*OVERNIGHT DELIVERY*
*(Counsel for Uniroyal Holdings, Inc.)*
Nancy E. Hudgins
Uniroyal Holdings, Inc.
565 Commercial Street, 4th Floor
San Francisco, CA 94111

DOCS_DE:118154.1