UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| MARLENE HOPKINS, Individually, as Wrongful Death Heir, and as Successor-in-Interest to NORMAN HOPKINS, JR., Deceased; and MICHELLE HOPKINS, and MICHAEL HOPKINS, as Legal Heirs of NORMAN HOPKINS, Deceased, and THE FLINTKOTE COMPANY, THE OFFICIAL COMMITTEE OF CLAIMANTS, and JAMES J. MCMONAGLE as the LEGAL REPRESENTATIVE FOR FUTURE ASBESTSOS PERSONAL INJURY CLAIMANTS<br>　　　　　　　Plaintiffs,<br>vs.<br><br>PLANT INSULATION COMPANY; UNIROYAL HOLDING, INC.; IMPERIAL TOBACCO CANADA LIMITED; SULLIVAN & CROMWELL LLP; and DOES 1 through 100,<br><br>　　　　　　　Defendants | Civil Action No. 1:06-CV-00298-JJF |

**DECLARATION OF DAVID J. GORDON IN SUPPORT OF DEBTOR'S OPPOSITION TO EMERGENCY PETITION OF IMPERIAL TOBACCO CANADA LIMITED FOR AN ORDER OF TRANSFER PURSUANT TO 28 U.S.C. § 157(B)(5)**

I, David J. Gordon, declare and state as follows:

1. I am over eighteen years of age and have personal knowledge of the facts set forth herein, and if called as a witness, I would and could testify competently with respect thereto from my own personal knowledge, except as otherwise stated.

2. I am an attorney by training, and the President and Chief Executive Officer of The Flintkote Company ("Flintkote"), and the President, Secretary and sole Director of Flintkote Mines Limited ("Mines" and collectively, with Flintkote, the "Debtors"). Flintkote and Mines are the debtors and debtors in possession in chapter 11 cases pending in the United States Bankruptcy Court for the District of Delaware (the "Delaware Bankruptcy Court"), jointly-administered under Case No. 04-11300 (JKF) ("the Chapter 11 Case").

3.     On April 5, 2006, Flinkote and the Hopkins Family commenced an action in the Superior Court of California for the County of San Francisco (the "State Court Action"). Flintkote's claims and those of the Hopkins Family are compatible and are factually interrelated in substantial part. The Hopkins Family alleges wrongful death claims against Imperial Tobacco Canada Limited ("Imperial Tobacco") for its responsibility as an alter ego of Flintkote and also sues two co-defendants. Flintkote sues Imperial Tobacco for a declaration that Imperial Tobacco is responsible as Flintkote's alter ego and for damages arising from Imperial Tobacco's receipt of substantial and improper corporate dividends. Flintkote also sues Sullivan & Cromwell LLP for malpractice.

4.     The decision to sue in California jointly with the Hopkins Family was made deliberately and with a view toward maximizing the benefit to the Flintkote bankruptcy estate. In particular, I believe that the presence of individual claimants in this lawsuit will allow the trier of fact to appreciate fully the nature of the harm that has been caused by Imperial Tobacco's dismantling of Flintkote and stripping of its assets. Moreover, I believe that the presence of individual victims makes it more, rather than less, likely that Flintkote will prevail in this case.

5.     Another reason why Flintkote and the Hopkins Family jointly filed the State Court Action is because the prosecution of an alter ego remedy against one of the major tobacco companies of Canada could prove to be a daunting task that an individual claimant might not be financially capable of undertaking. However, by pooling resources with the estate, the Hopkins Family can more feasibly pursue alter ego remedies in conjunction with the estate's efforts.

6.     The State Court Action is not central to the administration of the Chapter 11 Case. The ability of Flintkote and Mines to propose a plan or plans of reorganization does not depend on the outcome of the State Court Action. Moreover, to my knowledge, no claim will arise against the Flintkote estates as a result of any payment by the defendants on account of the asserted malpractice claim, the contractual declaratory relief claim, the avoidance claims, the restitution or constructive trust claims, the wrongful death claims, or any other claims asserted in

the Complaint. As a result, the State Court Action will not impact the timing or the course by which the Chapter 11 Case progresses toward confirmation. The only significant impact the State Court Action may have on the Chapter 11 Case is to increase the recovery available for present and future asbestos claimants.

7. Flintkote intends to seek a jury trial in the State Court Action.

8. Flintkote, as debtor in possession, supported by all major constituencies in Flintkote's chapter 11 case, filed the State Court Action in the San Francisco Superior Court. Specifically, Flintkote, the Official Committee of Claimants, and the Legal Representative for Future Asbestos Personal Injury Claimants, all agree and believe that the best course of action for the Flintkote estate was and is to prosecute the State Court Action in San Francisco Superior Court. The judges of that court have experience in asbestos-related matters. The State Court Action presents issues of state law of the type considered by state court judges. The illegal dividends were declared in and paid from San Francisco. The creation of Flintkote's subsidiaries, the transfer of Flintkote's going concern businesses to those subsidiaries, and the sale of those subsidiaries took place in San Francisco, all of which Flintkote contends took place by reason of domination and control by Imperial Tobacco. The advice provided by S&C, which Flintkote contends was erroneous and conflicted, was given in San Francisco. Flintkote's main office and present senior employees are based in San Francisco. The Hopkins family plaintiffs in the State Court Action reside in California. It is my understanding that other defendants, Plant and Uniroyal, are subject to suit in the San Francisco Superior Court. Flintkote's chosen special counsel are located in Northern California. As a result, it would be a substantial hardship on

Flintkote to investigate and try this case outside of San Francisco, or to be denied its choice of forum.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed this 17th day of May 2006, at Wyckoff, NJ.

_____
David J. Gordon

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| MARLENE HOPKINS, Individually, as Wrongful Death Heir, and as Successor-in-Interest to NORMAN HOPKINS, JR., Deceased; and MICHELLE HOPKINS, and MICHAEL HOPKINS, as Legal Heirs of NORMAN HOPKINS, Deceased, and THE FLINTKOTE COMPANY, THE OFFICIAL COMMITTEE OF CLAIMANTS, and JAMES J. MCMONAGLE as the LEGAL REPRESENTATIVE FOR FUTURE ASBESTSOS PERSONAL INJURY CLAIMANTS<br>            Plaintiffs,<br>    vs.<br><br>PLANT INSULATION COMPANY; UNIROYAL HOLDING, INC.; IMPERIAL TOBACCO CANADA LIMITED; SULLIVAN & CROMWELL LLP; and DOES 1 through 100,<br><br>            Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)  Civil Action No. 1:06-CV-00298-JJF<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

## CERTIFICATE OF SERVICE

I, James E. O'Neill, hereby certify that on the 19th day of May 2006, I caused a copy of the following document(s) to be served in the manner indicated on the individuals on the attached service list(s):

1. **Debtor's Opposition to Emergency Petition of Imperial Tobacco Canada Limited for an Order of Transfer Pursuant to 28 U.S.C. § 157(B)(5)**

2. **Declaration of David J. Gordon in Support of Debtor's Opposition to Emergency Petition of Imperial Tobacco Canada Limited for an Order of Transfer Pursuant to 28 U.S.C. § 157(B)(5)**

3. **Declaration of Alan R. Brayton in Support of Debtor's Opposition to Emergency Petition of Imperial Tobacco Canada Limited for an Order of Transfer Pursuant to 28 U.S.C. § 157(B)(5)**

4.     Declaration of Alan Pedlar in Support of Debtor's Opposition to Emergency Petition of Imperial Tobacco Canada Limited for an Order of Transfer Pursuant to 28 U.S.C. § 157(B)(5)

*[signature]*
James E. O'Neill (Bar No. 4042)

Flintkote District Court Service List
Case No. 06-298-JJF
Doc. # 118154
005 – Hand Delivery
013 – First Class Mail

**HAND DELIVERY**
*(Co-Counsel for Debtors and Plaintiff,*
*The Flintkote Company)*
James E. O'Neill
Laura Davis Jones
Pachulski, Stang, Ziehl, Young, Jones
& Weintraub P.C.
919 North Market Street, 17th Floor
P.O. Box 8705
Wilmington, DE 19899-8705

**HAND DELIVERY**
*(Office of the United States Trustee)*
David Klauder, Esquire
Office of the United States Trustee
844 King Street, Lock Box 35, Room 2311
Wilmington, DE 19801

**HAND DELIVERY**
*(Counsel to the Official Committee of*
*Asbestos Personal Injury Claimants)*
Marla Eskin, Esquire
Campbell & Levine, LLC
800 King Street, Ste 300
Wilmington, DE 19801

**HAND DELIVERY**
*(Counsel to the Legal Representative*
*for Future Claimants)*
Edwin J. Harron
Young Conaway Stargatt & Taylor
1000 West Street, 17th Floor
Wilmington, DE 19801

**HAND DELIVERY**
*(Counsel for Defendant Imperial*
*Tobacco Canada Limited)*
Stephen M. Miller
Brett D. Fallon
Carl N. Kunz, III
Morris, James, Hitchens & Williams LLP
222 Delaware Avenue, 10th Floor
Wilmington, DE 19801

**FIRST CLASS MAIL**
*(Co-Counsel for Defendant Imperial*
*Tobacco Canada Limited)*
L. Joseph Loveland
James A. Pardo, Jr.
Mark M. Maloney
King & Spalding LLP
1180 Peachtree Street, N.W.
Atlanta, GA 30309

**FIRST CLASS MAIL**
*(Co-Counsel for Debtors and*
*Plaintiff, The Flintkote Company)*
Jeffrey E. Bjork, Esquire
Sidley Austin Brown & Wood LLP
555 W. 5th Street, Suite 4000
Los Angeles, California 90013

**FIRST CLASS MAIL**
*(Counsel to the Official Committee of*
*Asbestos Personal Injury Claimants)*
Elihu Inselbuch, Esquire
Rita Tobin, Esquire
Caplin & Drysdale, Chartered
375 Park Avenue, 35th Floor
New York, NY 10152-3500

**FIRST CLASS MAIL**
*(Counsel to the Official Committee of*
*Asbestos Personal Injury Claimants)*
Philip E. Milch
Campbell & Levine, LLC
1700 Grant Building, 310 Grant Street
Pittsburgh, PA 15219

*FIRST CLASS MAIL*
*(Counsel to the Legal Representative for Future Claimants)*
Matthew E. Albers
Vorys, Sater, Seymour & Pease LLP
2100 One Cleveland Ctr.
1375 E. 9th St.
Cleveland, Ohio 44114

*FIRST CLASS MAIL*
*(Counsel for Plaintiff, The Flintkote Company)*
Stephen M. Snyder, Esquire
Snyder Miller & Orton LLP
111 Sutter, Ste 1950
San Francisco, CA 94104

*FIRST CLASS MAIL*
*(Counsel for Plaintiff, The Flintkote Company)*
Eliot S. Jubelirer
Morgenstein & Jubelirer
One Market
Spear Street Tower. 32nd Floor
San Francisco, CA 94105

*FIRST CLASS MAIL*
*(Counsel for Plaintiff, The Flintkote Company)*
Alan Pedlar, Esquire
The Law Office of Alan Pedlar
1112 Via Malibu
Aptos, CA 95083

*FIRST CLASS MAIL*
*(Counsel for Plaintiff, The Flintkote Company)*
Kelly C. Wooster, Esquire
112 Rock Creek Court
P.O. Box 62
Copperopolis, CA 95228

*FIRST CLASS MAIL*
*(Counsel for Plaintiff Marlene Hopkins, Michelle Hopkins and Michael Hopkins)*
Gilbert L. Purcell, Esquire
Brayton Purcell, LLP
222 Rush Landing Road
Novaro, CA 94948

*FIRST CLASS MAIL*
*(Counsel for Sullivan & Cromwell)*
Gregory D. Phillips
Rohit K. Single
Brad D. Brian
Munger, Tolles & Olsen LLP
355 South Grand Avenue, 35th Floor
Los Angeles, CA 90071

*FIRST CLASS MAIL*
*(Counsel for Plant Insulation)*
Monte S. Travis
Travis & Pon
2001 Fillmore Street
San Francisco, CA 94115

*FIRST CLASS MAIL*
*(Counsel for Uniroyal Holdings, Inc.)*
Nancy E. Hudgins
Uniroyal Holdings, Inc.
565 Commercial Street, 4th Floor
San Francisco, CA 94111

DOCS_DE:118154.1