IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| MARLENE HOPKINS, Individually, as Wrongful Death Heir, and as Successor-in-Interest to NORMAN HOPKINS, JR., Deceased; and MICHELLE HOPKINS, and MICHAEL HOPKINS, as Legal Heirs of NORMAN HOPKINS, Deceased, and THE FLINTKOTE COMPANY, THE OFFICIAL COMMITTEE OF CLAIMANTS, and JAMES J. MCMONAGLE as the LEGAL REPRESENTATIVE FOR FUTURE ASBESTSOS PERSONAL INJURY CLAIMANTS<br>               Plaintiffs,<br>vs.<br><br>PLANT INSULATION COMPANY; UNIROYAL HOLDING, INC.; IMPERIAL TOBACCO CANADA LIMITED; SULLIVAN & CROMWELL LLP; and DOES 1 through 100,<br><br>               Defendants | Civil Action No. 1:06-CV-00298-JJF<br><br><br><br><br><br><br><br><br><br><br><br><br><br><br><br><br><br><br><br>**Related to Docket No. 22** |

**RESPONSE OF THE FLINTKOTE COMPANY TO REQUEST BY IMPERIAL TOBACCO CANADA LIMITED TO EXCEED PAGE LIMIT**

The Flintkote Company ("Flintkote" or "Debtor") responds to "Imperial Tobacco Canada Limited's Motion To Exceed Page Limit" (the "Motion").

In this case, Imperial Tobacco Canada Limited ("Imperial Tobacco") has already filed three pleadings containing legal argument: (1) "Brief Of Imperial Tobacco Canada Limited In Support Of Emergency Petition For An Order Of Transfer Pursuant To 28 U.S.C. § 157(b)(5)," (2) "Emergency Motion Of Imperial Tobacco Canada Limited For Immediate Entry Of A Provisional Order Or, In The Alternative, An Expedited Hearing Regarding Its Emergency Petition For An Order Of Transfer Pursuant To 28 U.S.C. § 157(b)(5)," and (3) "Reply Of Imperial Tobacco Canada Limited In Support Of Its Emergency Motion For Immediate Entry Of A Provisional Order." By these

pleadings, Imperial Tobacco purportedly set forth the basis for its Section 157(B)(5) motion, including an argument that the authorities it presented justified extraordinary relief in the form of an "emergency" provisional transfer order. Imperial Tobacco now wants to double the page limitation on its fourth legal memorandum to address an issue that it made a knowing decision not to address in any of its prior pleadings.

In all its briefing, Imperial Tobacco relies upon authorities regarding section 157(b)(5) transfer motions arising in the chapter 11 cases of only four debtors: A.H. Robins Company, Incorporated; Dow Corning Corporation; Pan American Corporation; and Federal-Mogul Global, Inc. Here, however, is what the courts in those cases said about the need for an abstention analysis in connection with a section 157(b)(5) motion:

- "A motion under section 157(b)(5) . . . *requires* an abstention analysis." In re Pan American Corp., 950 F.2d 839, 844 (2nd Cir. 1991) (emphasis added). "[T]he Bankruptcy Code 'allows abstention for personal injury cases' and only 'where abstention does not occur will the requirement for adjudication in the district court take effect.'" Id.

- "Finally, a Section 157(b)(5) motion *requires* an abstention analysis." In re Dow Corning Corp., 86 F.3d 482, 497 (6th Cir. 1996) (emphasis added).

- District Court is entitled to exercise its discretion and abstain under 28 U.S.C. § 1334(c)(1). In re Federal-Mogul Global, Inc., 282 B.R. 301, 314 (Bankr. D. Del.), mandamus denied, 300 F.3d 368 (3rd Cir. 2002), cert. denied, 537 U.S. 1148 (2003).

- District court had the power to allow products liability cases to be tried where the claim arose. A.H. Robins Co. v. Piccinin, 788 F.2d 994, 1010 (1986).

Based on its own authorities, Imperial Tobacco knew that an abstention analysis was required under section 157(b)(5).[1] Indeed, such an analysis is done prior to addressing the section 157(b)(5) issues.

> [I]n liquidating tort cases in bankruptcy, the district court would *first* decide whether it should leave the cases with respect to which claims have been filed in the bankruptcy court in the courts in which they are pending and then, if it decides against this course, the district court must try the cases itself or send them to the federal court for the district in which they arose.

Citibank, N.A. v. White Motor Corp. (In re White Motor Credit), 761 F.2d 270, 273 (6th Cir. 1985) (emphasis added).

By its Motion, Imperial Tobacco offers no explanation of why it made the tactical decision to ignore the threshold issues of discretionary and mandatory abstention in its efforts to obtain "emergency" relief from this Court, or why it is fair to Flintkote to double the pages available to Imperial Tobacco to address this threshold issue for the *first* time its *fourth* pleading in this matter; *i.e.*, at a point in the proceedings where Flintkote will not be entitled to respond without leave of this Court. Flintkote complied with the page limitations of this Court. Why can't Imperial Tobacco? Imperial Tobacco had its chance to brief this threshold issue fully in any of its prior three briefs, and chose not to.

## CONCLUSION

Based on the facts and analysis set forth in Flintkote's response to Imperial Tobacco's Section 157(b)(5) motion, Flintkote does not believe that 20, 40 or 80 pages of briefing by Imperial Tobacco on the issues of discretionary or mandatory abstention is going to change the outcome of this matter. Nor does Flintkote believe that on the facts of this case Imperial Tobacco will be the first to convince a court to transfer a case under section 157(b)(5) over the objection of the Debtor away from a forum chosen

---

[1] Imperial Tobacco argues that "[a]bstention is typically raised by separate motion." Motion at 2. Not only is there no authority for this statement, in the very cases upon which Imperial Tobacco relies there is no indication that a separate abstention motion was filed in respect to this threshold issue under section 157(b)(5).

by the Debtor; will be able to convince this Court to find subject matter jurisdiction where none exists; or will be able to establish a basis under section 157(b)(5), over the objection of the Debtor, to move from a jurisdiction with personal jurisdiction over Imperial Tobacco to one where Imperial Tobacco intends to contest jurisdiction.

Because Imperial Tobacco should be required to live with its own tactical decisions, the Motion should be denied. If, however, this Court determines to grant the Motion, Flintkote, upon request by this Court, would be pleased to respond to any issue raised by Imperial Tobacco that gives the Court any pause in denying Imperial Tobacco's ill-conceived and unfounded Section 157(b)(5) Motion.

Dated: May 25, 2006

PACHULSKI STANG ZIEHL YOUNG JONES & WEINTRAUB LLP

/s/ James E. O'Neill

Laura Davis Jones (Bar No. 2436)
James E. O'Neill (Bar No. 4042)
919 North Market Street, 17th Floor
P.O. Box 8705
Wilmington, DE 19899-8705 (Courier 19801)
Telephone: (302) 652-4100
Facsimile: (302) 652-4400

THE LAW OFFICE OF ALAN PEDLAR,
A PROFESSIONAL CORPORATION
1112 Via Malibu
Aptos, California 95003
Telephone: (831) 688-2667
Facsimile: (831) 401-2402

SNYDER MILLER & ORTON LLP
Stephen M. Snyder (CA State Bar No. 054598)
James L. Miller (CA State Bar No. 071958)
111 Sutter Street, Suite 1950
San Francisco, CA 94104
Telephone: 415-962-4402
Facsimile: 415-962-4401

KELLY C. WOOSTER, ESQ.
P. O. Box 62
Copperopolis, CA 95228
Telephone: (209) 785-2437
Facsimile: (209) 785-8455

MORGENSTEIN & JUBELIRER
Eliot S. Jubelirer (CA State Bar No. 061654)
Jean L. Bertrand (CA State Bar No. 083250)
One Market, Spear Street Tower 32nd Floor
San Francisco, CA 94105
Telephone: (415) 901-8700
Facsimile: (415) 901-8701

Co-Counsel for the Plaintiffs

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| MARLENE HOPKINS, Individually, as Wrongful Death Heir, and as Successor-in-Interest to NORMAN HOPKINS, JR., Deceased; and MICHELLE HOPKINS, and MICHAEL HOPKINS, as Legal Heirs of NORMAN HOPKINS, Deceased, and THE FLINTKOTE COMPANY, THE OFFICIAL COMMITTEE OF CLAIMANTS, and JAMES J. MCMONAGLE as the LEGAL REPRESENTATIVE FOR FUTURE ASBESTSOS PERSONAL INJURY CLAIMANTS<br><br>Plaintiffs,<br>vs.<br><br>PLANT INSULATION COMPANY; UNIROYAL HOLDING, INC.; IMPERIAL TOBACCO CANADA LIMITED; SULLIVAN & CROMWELL LLP; and DOES 1 through 100,<br><br>Defendants. | Civil Action No. 1:06-CV-00298-JJF |

## CERTIFICATE OF SERVICE

I, James E. O'Neill, hereby certify that on the 25th day of May 2006, I caused a copy of the following document(s) to be served in the manner indicated on the individuals on the attached service list(s):

RESPONSE OF THE FLINTKOTE COMPANY TO REQUEST BY
IMPERIAL TOBACCO CANADA LIMITED TO EXCEED PAGE LIMIT

James E. O'Neill (Bar No. 4042)

28451-001\DOCS_DE:104115.6

Flintkote District Court Service List
Case No. 06-298-JJF
Doc. # 118154
005 – Hand Delivery
013 – First Class Mail

**HAND DELIVERY**
*(Co-Counsel for Debtors and Plaintiff,*
*The Flintkote Company)*
James E. O'Neill
Laura Davis Jones
Pachulski, Stang, Ziehl, Young, Jones
& Weintraub P.C.
919 North Market Street, 17th Floor
P.O. Box 8705
Wilmington, DE 19899-8705

**HAND DELIVERY**
*(Office of the United States Trustee)*
David Klauder, Esquire
Office of the United States Trustee
844 King Street, Lock Box 35, Room 2311
Wilmington, DE 19801

**HAND DELIVERY**
*(Counsel to the Official Committee of*
*Asbestos Personal Injury Claimants)*
Marla Eskin, Esquire
Campbell & Levine, LLC
800 King Street, Ste 300
Wilmington, DE 19801

**HAND DELIVERY**
*(Counsel to the Legal Representative*
*for Future Claimants)*
Edwin J. Harron
Young Conaway Stargatt & Taylor
1000 West Street, 17th Floor
Wilmington, DE 19801

**HAND DELIVERY**
*(Counsel for Defendant Imperial*
*Tobacco Canada Limited)*
Stephen M. Miller
Brett D. Fallon
Carl N. Kunz, III
Morris, James, Hitchens & Williams LLP
222 Delaware Avenue, 10th Floor
Wilmington, DE 19801

**FIRST CLASS MAIL**
*(Co-Counsel for Defendant Imperial*
*Tobacco Canada Limited)*
L. Joseph Loveland
James A. Pardo, Jr.
Mark M. Maloney
King & Spalding LLP
1180 Peachtree Street, N.W.
Atlanta, GA 30309

**FIRST CLASS MAIL**
*(Co-Counsel for Debtors and*
*Plaintiff, The Flintkote Company)*
Jeffrey E. Bjork, Esquire
Sidley Austin Brown & Wood LLP
555 W. 5th Street, Suite 4000
Los Angeles, California 90013

**FIRST CLASS MAIL**
*(Counsel to the Official Committee of*
*Asbestos Personal Injury Claimants)*
Elihu Inselbuch, Esquire
Rita Tobin, Esquire
Caplin & Drysdale, Chartered
375 Park Avenue, 35th Floor
New York, NY 10152-3500

**FIRST CLASS MAIL**
*(Counsel to the Official Committee of*
*Asbestos Personal Injury Claimants)*
Philip E. Milch
Campbell & Levine, LLC
1700 Grant Building, 310 Grant Street
Pittsburgh, PA 15219

*FIRST CLASS MAIL*
*(Counsel to the Legal Representative*
*for Future Claimants)*
Matthew E. Albers
Vorys, Sater, Seymour & Pease LLP
2100 One Cleveland Ctr.
1375 E. 9th St.
Cleveland, Ohio 44114

*FIRST CLASS MAIL*
*(Counsel for Plaintiff, The Flintkote*
*Company)*
Stephen M. Snyder, Esquire
Snyder Miller & Orton LLP
111 Sutter, Ste 1950
San Francisco, CA  94104

*FIRST CLASS MAIL*
*(Counsel for Plaintiff, The Flintkote*
*Company)*
Eliot S. Jubelirer
Morgenstein & Jubelirer
One Market
Spear Street Tower. 32nd Floor
San Francisco, CA  94105

*FIRST CLASS MAIL*
*(Counsel for Plaintiff, The Flintkote*
*Company)*
Alan Pedlar, Esquire
The Law Office of Alan Pedlar
1112 Via Malibu
Aptos, CA  95083

*FIRST CLASS MAIL*
*(Counsel for Plaintiff, The Flintkote*
*Company)*
Kelly C. Wooster, Esquire
112 Rock Creek Court
P.O. Box 62
Copperopolis, CA  95228

*FIRST CLASS MAIL*
*(Counsel for Plaintiff Marlene Hopkins,*
*Michelle Hopkins and Michael Hopkins)*
Gilbert L. Purcell, Esquire
Brayton Purcell, LLP
222 Rush Landing Road
Novaro, CA  94948

*FIRST CLASS MAIL*
*(Counsel for Sullivan & Cromwell)*
Gregory D. Phillips
Rohit K. Single
Brad D. Brian
Munger, Tolles & Olsen LLP
355 South Grand Avenue, 35th Floor
Los Angeles, CA  90071

*FIRST CLASS MAIL*
*(Counsel for Plant Insulation)*
Monte S. Travis
Travis & Pon
2001 Fillmore Street
San Francisco, CA  94115

*FIRST CLASS MAIL*
*(Counsel for Uniroyal Holdings, Inc.)*
Nancy E. Hudgins
Uniroyal Holdings, Inc.
565 Commercial Street, 4th Floor
San Francisco, CA  94111

DOCS_DE:118154.1